| | |
|---|---|
| **DISTRICT COURT, EL PASO COUNTY STATE OF COLORADO** <br> 270 S. Tejon <br> P.O. Box 2980 <br> Colorado Springs, CO 80901 | DATE FILED: May 21, 2018 11:59 AM <br> FILING ID: FF99C3382ABC9 <br> CASE NUMBER: 2018CV31259 |
| **Plaintiff:**   MAUREEN MORROW <br><br> **v.** <br><br> **Defendant:**   STATE FARM FIRE AND CASUALTY COMPANY | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff:* <br> Bradley A. Levin, No. 13095 <br> Kerri J. Rugh, No. 29966 <br> **LEVIN SITCOFF PC** <br> 1512 Larimer Street, Suite 650 <br> Denver, CO 80202 <br> Telephone: (303) 575-9390 <br> Facsimile: (303) 575-9385 <br> bal@levinsitcoff.com <br> kjr@levinsitcoff.com | **Case Number:** <br><br> **Division:** |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Mareen Morrow, through her attorneys, **LEVIN SITCOFF PC**, for her Complaint and Jury Demand against Defendant State Farm Fire and Casualty Company, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Maureen Morrow is and was, at all times pertinent, an individual residing in the State of Colorado.

2. Defendant State Farm Fire and Casualty Company ("State Farm") is, and was at all times pertinent, a corporation which does substantial business in the State of Colorado and which lists its principal office street address as 1555 Promontory Circle in Greeley, Colorado.

3. This Court has jurisdiction over the subject matter of this tort action.

4. Under C.R.C.P. 98(c), venue is proper in this county, which Plaintiff designates as the place of trial for this action.

Exhibit A-1

## GENERAL ALLEGATIONS

5. Ms. Morrow is a school teacher who resides at a townhome in Colorado Springs, Colorado. In May 2017, Ms. Morrow went to Wyoming to volunteer at a non-profit retreat ranch during the summer break. Ms. Morrow's friend agreed to keep watch over the townhome while she was gone.

6. On August 21, 2017, Ms. Morrow's neighbor discovered that a water leak had occurred somewhere and that the home had sustained extensive and serious damage. Ms. Morrow immediately notified State Farm, which sent an adjuster to inspect the premises on August 23, 2017. The adjuster determined that the leak had come from the plastic water supply line for the refrigerator.

7. State Farm denied the claim two days later. Despite extensive damage to the structure and Ms. Morrow's personal property, State Farm announced that it was not responsible for any of the loss. In doing so State Farm asserted the Losses Not Insured section of the Policy and the named perils section of Coverage B of the Policy.

8. Without any analysis of those provisions, without obtaining supporting facts, and without applying the actual exclusionary language of the Policy, State Farm decided that the water damage to the structure and personal property was not covered because it was the "result of continuous or repeated seepage or leakage, mold and rot."

9. Ms. Morrow appealed the denial and requested on multiple occasions that State Farm explain or clarify how it was applying the exclusions to her claim, and that it identify the evidence from the inspection of the townhome that supported the application of those exclusions. State Farm failed to meaningfully respond to those requests.

10. As a result of State Farm's denial, Ms. Morrow endured months of trying to manage the project of remediating the damage to her home which was nearly a total loss. Ms. Morrow struggled financially while she relentlessly worked to sort, clean, and store her damaged personal property, and to search for ways she could fund the reconstruction of her home. She was forced to incur additional costs to secure lodging outside of her townhome which further resulted in the loss of income from tutoring students.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

11. Ms. Morrow realleges each and every allegation of her Complaint and Jury Demand as if fully set forth herein.

12. The Policy constitutes a contract of insurance.

13. The damage to Ms. Morrow's home and her personal property was a loss that was covered under the terms and conditions of the Policy.

14. Ms. Morrow has performed or satisfied each and every covenant and/or condition of the Policy precedent to coverage, or such covenants and conditions are excused.

15. State Farm refused to pay for any portion of the loss arising out of the water leak in her home.

16. State Farm's refusal to do so was a breach of the insurance contract.

17. As a result of State Farm's breach, Ms. Morrow sustained economic damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
## (BAD FAITH BREACH OF INSURANCE CONTRACT)

18. Ms. Morrow realleges each and every allegation of her Complaint and Jury Demand as if fully set forth herein.

19. State Farm, at all material times, owed duties pursuant to the Policy's implied covenants of good faith and fair dealing, in accordance with which State Farm covenanted that it would, in good faith, and in the exercise of fair dealing, deal with its insured fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder or potentially injure the right of its insured to receive the benefits of the Policy.

20. State Farm breached its duty of good faith and fair dealing owed to its insured by one or more of the following unreasonable acts:

   i. Failing to conduct a thorough investigation of the facts of the loss before asserting exclusions to coverage of the claim;

   ii. Failing to apply the actual terms and conditions of the Policy exclusions relied on in denying coverage, and/or relying on exclusions to coverage that by their express terms were not applicable to the claim;

   iii. Failing repeatedly to respond to Ms. Morrow's requests for the information that State Farm relied on in denying her claim, and for explanations of how it applied the Policy terms and conditions in doing so;

   iv. Relying on policy terms that are inherently vague and ambiguous and that, as a result, fail to provide the insured any guidance about when they will be relied on by State Farm in denying claims;

   v. Forcing Ms. Morrow to institute litigation to recover amounts due under the Policy; and

   vi. Other conduct to be revealed in discovery.

21. As a direct and proximate result of State Farm's bad faith breach of the insurance contract, Ms. Morrow is entitled to contract, extra-contractual, and non-economic damages in amounts to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (VIOLATION OF C.R.S. §§ 10-3-1115 AND 10-3-1116)

22. Ms. Morrow realleges each and every allegation of her Complaint and Jury Demand as if fully set forth herein.

23. C.R.S. §§ 10-3-1115 and -1116 are applicable with regard to State Farm's assertion of exclusions to coverage which the insurer did not properly apply and which by their express terms did not apply to Ms. Morrow's claim. Likewise, the statutes are applicable to State Farm's denial of the claim before conducting a proper investigation into the supporting facts, to its reliance on terms that are inherently vague and ambiguous and for which State Farm has no standards for applying to claim denials.

24. As set forth above, State Farm unreasonably delayed or denied insurance policy benefits as referenced in C.R.S. §10-3-1116.

25. Accordingly, pursuant to C.R.S. §10-3-1116, Ms. Morrow is entitled to bring an action to recover reasonable attorney fees, court costs, and two times the amount of the covered benefits that were unreasonably delayed or denied by State Farm.

26. Ms. Morrow is entitled to recover the full extent of damages permitted under the statute in the form of attorney fees, court costs, and two times the covered benefits.

**WHEREFORE**, Plaintiff Maureen Morrow respectfully requests that judgment be entered in her favor and against Defendant State Farm Fire and Casualty Company as follows:

    a. For compensatory damages in amounts to be proved at trial;

    b. For all interest, statutory or moratory, allowed by law;

    c. For reasonable attorneys' fees and costs of suit herein;

    d. For two times the amount of covered benefits unreasonably delayed or denied pursuant to C.R.S. §10-3-1116;

    e. For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this 21st day of May 2018.

                                         Respectfully submitted,

                                         **LEVIN SITCOFF PC**

                                         *s/ Kerri J. Rugh*
                                         Bradley A. Levin
                                         Kerri J. Rugh
                                         *Attorneys for Plaintiffs*

Plaintiff's Address:
633 North Franklin St.
Colorado Springs, CO 80903